UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────────────────

| | |
|---|---|
| JENNIFER A. MCCARTY, | : |
| Plaintiff, | : |
| vs. | : Case No. 05-0505-S |
| CAPITAL MANAGEMENT SERVICES, INC, | : |
| Defendant. | : |

───────────────────────────────────────────────

**NOTICE OF MOTION AND MOTION FOR APPROVAL OF
ATTORNEY FEES UNDER 15 U.S.C. §1692k(a)(3)**

Please take notice that upon all of the papers annexed hereto, the undersigned attorney for the Plaintiff will move before the this Court at such time and at such place as the Court may direct for an order granting counsel for the Plaintiff, pursuant to 15 U.S.C. §1692k(a)(3), attorney fees in the sum of $3,757.00, paralegal fees in the sum of $153.00, together with costs in the sum of $310.00, together with such other and further relief as the Court deems just and equitable.

A Declaration by counsel for the Plaintiff detailing the amount of time spent on this case is attached hereto.

Respectfully submitted this 23th day of December, 2005.

                                          s/Kenneth R. Hiller
                                          Kenneth R. Hiller, Esq.
                                          2001 Niagara Falls Boulevard
                                          Amherst, NY  14228
                                          (716) 564-3288
                                          Email: khiller1@adelphia.net

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER A. MCCARTY,                        :

                Plaintiff,        :
                                                  Case No. 05-0505-S
    vs.                                                  :

CAPITAL MANAGEMENT SERVICES, INC,   :

                                            :
                Defendant.
_____

## AFFIRMATION

       KENNETH R. HILLER, declares as follows:

1.     I am an attorney and am counsel for Plaintiff.

2.     That I was admitted to the New York State Bar on February 17, 1984.

3.     I began handling consumer bankruptcy cases in 1988 at Jeffrey Freedman Attorneys at law, a law firm that handles a high volume of such cases. From 1988 through 1999, I handled thousands of bankruptcy cases in the United States Bankruptcy Court, Western District of New York. Besides Jeffrey Freedman himself, who primarily limited his involvement in bankruptcy matters to managing the business aspect of the practice as well as some initial client interviews, I was the most senior attorney handling bankruptcy matters. As such, I was often assigned a case if it was deemed unusually difficult.

4.     That by its' very nature, consumer bankruptcy practice requires an attorney to become involved in a variety of consumer related matters. For example, loan documents must be reviewed to determine if there is a violation of the truth-in-lending laws, and debtors are often found to be a victim of consumer frauds. In addition, I handled litigation against creditors who violated the bankruptcy automatic stay and discharge. From 1999 through the present date I have filed and litigated approximately 21 of such cases, two of which proceeded to trial.

5.     In 1996, your deponent was local counsel for a Fair Debt Collection Practices Act (FDCPA) case that proceeded ultimately to a jury verdict. (Victori v. Accelerated Bureaua, et al., 96-cv-0263). After having had the opportunity to observe that litigation, and after attending a national conference focusing on FDCPA litigation, your deponent began handling FDCPA cases for consumers.

6.      That from 1999 through present, your deponent has filed 45 FDCPA cases, one odometer fraud case, three Fair Credit Reporting cases, and 9 lawsuits in New York State Court under its' state consumer laws.

7.      That in August of 1999, I left Jeffrey Freedman Attorneys at Law and opened my own practice.  I currently have two lawyers working as associates for me who also handle consumer oriented litigation.

8.      That in addition to my consumer practice, I handle a large volume of Social Security Disability claims.  I have handled well over 100 district court actions in that field, and have taken 4 cases to the Court of Appeals for the Second Circuit.

9.      That your deponent is a member of the National Association of Consumer Attorneys, which is the organization that attorneys specializing in FDCPA cases affiliate themselves with.  Your deponent is the only attorney from the Buffalo, New York area who is a member of that organization.

10.     That your deponent checked the docket of the United States District Court for this district.  In 2005, 31 FDCPA cases were filed.  Twenty-five of them were filed by your deponent, 1 was filed by a legal aid attorney, and 5 were filed by UAW Legal Service, who handle cases without charge to their members.  Only one other case was filed by an private attorney!

11.     Your deponent checked the yellow pages of Verizon and The Talking Phone Book, the two major yellow page advertisers in the Buffalo, New York area.  There are no attorneys other than your deponent who advertise either explicitly or implicitly that they handle FDCPA cases.

12.     That your deponent was forced to spend significantly more time that would have otherwise have been necessary due to the conduct of Defendant's counsel in improperly signing the Offer of Judgment in this case, and their subsequent attempt to obtain a litigation advantage as a result of this conduct.

13.     The Defendant's Offer of Judgment was signed and served by Patricia Cipriani, the corporate attorney of the Defendant.  Ms. Cipriani was not an attorney of record at the time she served the notice.  Upon receiving the Offer, Plaintiff's counsel became concerned for two reasons.  First, he was under the impression that the Offer was required to be filed.  He later found that this was not a requirement.  Second, there was a concern that the Offer was not signed by the attorney of record.  Rule 11 of the Federal Rules of Civil Procedure provides that every pleading, written motion, and other paper *shall* be signed by at least by at least one attorney of record.  Frankly, to this day, Plaintiff doubts that the Offer was valid in light of this rule.  Given Plaintiff's counsel's legitimate concern regarding the validity of the Offer of Judgment, he spent a significant amount of time researching this issue so that he could properly protect Plaintiff's rights.  It was the Defendant's failure to comply with the rules that necessitated this work.

14.     Plaintiff's counsel concluded that the Offer was invalid by reason of the failure of the attorney of record to sign the Offer and because it was not filed.  Accordingly, a letter was written to Ms. Cipriani advising that the Offer was being treated as a nullity, but would be reconsidered if reserved properly.  Upon receiving this letter, Ms. Cipriani called Plaintiff's counsel and pointed out his error with respect his assertion of a filing requirement.  With respect to the lack of an attorney of record signature, she assured counsel that the Offer was valid and that she acted as attorney of record.

15.     Plaintiff's counsel then accepted the Offer of Judgment.  Then, amazingly, Ms. Cipriani stated that it was too late; that my prior letter was a rejection of the Offer that could not be changed.  This necessitated yet more legal research by Plaintiff's counsel.  Was the letter a "rejection"?  If it was, could the rejection be withdrawn?  Plaintiff's counsel ultimately concluded that he could still accept the Offer and, accordingly, did so, filing the Offer and the acceptance of same with the Court.

16.     Defendant's counsel advised the undersigned that the believed the Acceptance of the Offer of Judgment was improper and that they would challenge its' validity in Court.  An unnecessary Rule 16f conference was held during which Defendant's counsel again asserted they would file a motion to challenge the acceptance of the offer.

17.     Thereafter, Defendant's counsel reconsidered and notified the Court that it would not challenge the accepted offer.  The Court then entered judgment for the Plaintiff on December 16, 2005.

18.     That Plaintiff's counsel is currently handling another FDCPA case against the Defendant entitled Lynn A. Cornett v. Capital Management Services, Inc., Case No. 05 cv 515.  The case was filed only a few days prior to this case, and some issues in the cases were similar.  Of special significance to this case is that virtually all of the events that occurred with respect to the Offer of Judgment were done simultaneously in both cases.  So as not to double bill Defendant, Plaintiff's counsel has identified those services that are duplicate of services he performed on the Cornett case with an asterisk.  As he has done in the Cornett case, Plaintiff's counsel seeks to be paid one-half of his requested hourly rate for the time he spent simultaneously in both cases.

19.     The following time records document the time I have spent solely on this case:

| DATE | ACTIVITY | TIME |
|---|---|---|
| 6/10/05 | Initial telephone call with client; briefly discuss facts of the case; Explain basics of FDCPA; schedule appointment | .3 hrs. |
| 6/13/05 | Meeting with client to review facts of potential case; Advise client There appears to be a violation of the FDCPA; explain FDCPA in general to client and civil procedure | 1.0 hrs. |
| 6/14/05 | Open file, diary deadlines, meet with paralegal to advise her of | |

|  |  |  |
|---|---|---|
|  | nature of case and where we are going with it | .5" |
| 7/11/05 | Prepare complaint | 1.5" |
| 7/12/05 | Conference with client. Go over each and every allegation of Proposed Complaint and explain same. Discuss procedure to be expected from this date forward. Discuss what settlement demand should be and how to respond to offer of judgment if received; answer general questions | .8" |
| 7/13/05 | Give complaint to paralegal with instructions to ready for filing | .2" |
| 7/13/05 | Review papers readied for filing; sign and advise paralegal they may be filed | .2" |
| 7/21/05 | Review court email advising of filing; call client and advise her of this fact | .3" |
| 7/21/05 | Meet with paralegal; advise her of method to serve process | .2" |
| 8/8/05 | Review affidavit of service; instruct paralegal to file same | .2" |
| 8/31/05 | Receive and review answer to complaint from Defendant | .1" |
| 9/2/05 | Advise client answer came in and next is Rule 16 conference | .2" |
| 9/7/05 | Receive Notice from Court that case has been referred to Magistrate Judge for all dispositive pretrial motion; note file accordingly | .2" |
| 10/11/05 | Receive and review Notice of Rule 16 scheduling conference; note file accordingly and diary deadlines | .3" |
| 10/4/05 | Receive and review order adjourning Rule 16 conference; note file | .2" |
| 10/17/05 | Receive and review Offer of Judgment from Defendant | .1" |
| 10/18/05 | Telephone call to Plaintiff. Advise of Offer of Judgment and that my assessment was that it was invalid. Advise her that I intended to treat the Offer as a nullity and that I would advise her what happens | .3" |
| 10/24/05 | Telephone call with client. Advise her of Ms. Cipriani's position and advise and suggesting that we treat the Offer of Judgment as properly served. Discuss pro's and con's of accepting Offer versus rejecting same. Plaintiff advises that she would like me |  |

|  |  |  |
|---|---|---|
|  | to accept the Offer of Judgment | .2" |
| 10/28/05 | Telephone call with client.  Advise her of opposing counsel's "rejection" or our Acceptance, and that as such, the settlement conference is still on | .3" |
| 11/1/05 | Review filed Notice of Appearance of Patricia Cipriani, Esq. | .1" |
| 11/4/05 | Telephone call to client.  Discuss upcoming Rule 16f conference and issues likely to arise | .2" |
| 11/7/05 | Attend Rule 16f conference; conference adjourned by agreement | .5" |
| 11/7/05 | Review minute entry of Court imposing deadline on Defendant to object to acceptance of offer of judgment | .1" |
| 11/7/05 | Telephone call to client advising her of outcome of Rule 16f conference, and probable future course of case | .3" |
| 12/13/05 | Review minute entry of Court advising that Defendant will not challenge entry of judgment | .1" |
| 12/13/05 | Telephone call to client advising her that judgment will enter soon | .2" |
| 12/16/05 | Review judgment for Plaintiff | .1" |
| 12/23/05 | Prepare Fee Motion and accompanying papers | <u>2.3"</u> |

TOTAL TIME SPENT TO DATE                                                                                        11.0 hrs.

20.     That the following time entries are duplicative of time I spent on the Cornett v. Capital Management case (05 cv 0515).  The time entries total 4.9 hours and are as follows:

| 10/18/05 | Conduct legal research regarding the validity of the Offer of Judgment in light of the fact that it was not signed by the attorney of record | 2.0" |
|---|---|---|
| 10/24/05 | Correspondence faxed and mailed to opposing counsel advising her that I was treating Offer of Judgment as a nullity, but would be willing to consider a future offer served in the proper manner | .3" |
| 10/24/05 | Receive telephone call from Patricia Cipriani, Esq.  She advises me that all correspondence and papers signed by her could be considered duly signed and served in accordance with the Court rules and chided me for suggesting suggesting otherwise | .3" |

| | | |
|---|---|---|
| 10/25/05 | Prepare Notice of Acceptance of Offer and Judgment; serve same on opposing counsel | .4" |
| 10/28/05 | Receive email from opposing counsel that they consider the Offer of Judgment no longer valid and that, therefore, my acceptance was invalid; letter states that they intend on attending the 11/9/05 Rule 16 conference | .2" |
| 10/28/05 | Email to opposing counsel advising that I am considering seeking sanctions for improper process used | .2" |
| 10/28/05 | Ready Offer of Judgment and acceptance of same for efiling. File and serve same | .4" |
| 10/29/05 | Email from opposing counsel defending her actions | .2" |
| 10/29/05 | Email to opposing counsel restating our position and requesting she provide law supporting hers | .2" |
| 10/31/05 | Conduct further legal research on validity of Offer of Judgment, and whether an Offer "rejected" can subsequently be accepted if done within the timeframe provided by the rules | .7" |

21.   In addition to the time spent to date, your deponent will undoubtedly spend at least an additional hour to effectuate the closure of this case whether done by settlement, or otherwise. As such, it is submitted that an additional hour of time should be added to the time spent to date if, and only if, this case quickly proceeds to closure without any further litigation.

22.   My time on this case was recorded contemporaneously during the course of this litigation. My time records are conservative in that I exercise billing judgment and did not report all hours spent on the litigation.

23.   Upon information and belief, the reasonable value of my work is $260.00 per hour, and the reasonable value of my paralegal's work is $85.00 per hour. To my knowledge, these rates are comparable to rates charged by attorneys of my skill, experience and reputation in Buffalo, New York for similar services to those rendered in this case.

24.   That your deponent paid the filing fee of $250.00, and process serving fees of $60.00 on behalf of the Plaintiff in connection with this litigation.

25.   By reason of the above, Plaintiff's counsel asserts that that he should be compensated at the rate of $260.00 for 12 hours of non-duplicative work, or $3,120.00, and at the rate of $130.00 for 4.9 hours of duplicative work or 637.00. Thus, the total amount of attorneys fees sought is $3,757.00.

26.     In addition, Plaintiff seeks $153.00 for reimbursement of Plaintiff's counsel's paralegal time (1.8 hours times $85.00 per hour), $250.00 representing the Court filing fee in this case, and $60.00 to reimburse the expense to serve process on Defendant.

27.     In summary, Plaintiff seeks $3,757.00 in attorneys fees, $153.00 in paralegal fees, and $310.00 in costs.

28.     I declare under penalty of perjury that the foregoing is true and correct.

Dated:      Amherst, New York
            December 23, 2005              s/Kenneth R. Hiller_____
                                           Kenneth R. Hiller
                                           2001 Niagara Falls Boulevard
                                           Amherst, New York 14228
                                           (716)564-3288
                                           Email: khiller1@adelphia.net