UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| JENNIFER A. MCCARTY, | : |
| Plaintiff, | : |
| vs. | : |
| CAPITAL MANAGEMENT SERVICES, INC, | : |
| Defendant. | : |

Case No. 05-0505-S

_____

**PLAINTIFF'S MEMORANDUM RE ATTORNEYS FEES**

On October 14, 2004, the Defendant served an Offer of Judgment upon Plaintiff pursuant to Rule 68 of the Federal Rules of Civil Procedure. The Offer offered a judgment in favor of Plaintiff against Defendant in the sum of $1,500.00 plus Plaintiff's reasonable costs and attorneys fees. Plaintiff served a Notice of Acceptance of said Offer of Judgment on Defendant on October 25, 2005. On October 28, 2005, Plaintiff filed the Offer of Judgment with the Court. Thereafter, on December 16, 2004, the Court entered judgment against Defendant in the sum of $1,500.00 plus costs and reasonable attorneys fees to be set by the Court upon application by the Plaintiff.

FDCPA Fee Standards

Where, as here, an attorney's fee provision is phrased in mandatory terms, "fees may be denied a successful plaintiff only in the most unusual of circumstances." De Jesus v. Banco Popular de Puerto Rico, 918 F.2d 232, 234 (1st Cir. 1990) (truth in lending). An

award of fees is also mandatory in FDCPA cases. Zagorski v. Midwest Billing Services, Inc., 128 F.3d 1164 (7th Cir. 1997); Tolentino v. Friedman, 46 F.3d 645, 651 (7th Cir. 1995) (George C. Pratt, C.J.); Graziano v. Harrison, 950 F.2d 107, 113-14 (3d Cir. 1991) (FDCPA "mandates an award of attorney's fees as a means of fulfilling Congress's intent that the Act should be enforced by debtors acting as private attorneys general"). Fees are mandatory even if there has been no award of actual or statutory damages. Emanuel v. American Credit Exchange, 870 F.2d 805, 809 (2d Cir. 1989); Pipiles v. Credit Bureau of Lockport, 886 F.2d 22, 28 (2d Cir. 1989).

> Civil suits will deter abusive practices only if it is economically feasible for consumers to bring them. Unless consumers can recover attorneys fees it may not be possible for them to pursue small claims .... [U]nscrupulous collection agencies have little to fear from such suits if consumers must pay thousands of dollars in attorney fees to protect hundreds. Congress recognized this problem and specifically provided for the award of attorney fees to successful plaintiffs.

Venes v. Professional Service Bureau, Inc., 353 N.W.2d 671 (Minn. App. 1984).

In addition, fees are determined under the lodestar approach without reduction of the fee if, as is commonly the case in FDCPA cases, the fee appears disproportionately high in comparison to the recovery obtained. In Armstrong v. Rose Law Firm, P.A., 2002 WL 31050583 (D. Minn. Sep 05, 2002) the court awarded the full lodestar fee request of over $43,000 at $250 per hour when the consumer received the maximum FDCPA statutory damages of $1,000. In Perez v. Perkiss, 742 F. Supp. 883 (D.Del. 1990), an FDCPA case, the court awarded over $10,000 in fees on a $1200 jury verdict, including 11 hours defending the fee petition. "[N]o matter how high the settlement offers urged by the plaintiff may have been, those offers were still for significantly less money than the total

sum the plaintiff, as the prevailing party, is now entitled to recover." Id. at 890.  See also Norton v. Wilshire Credit Corp., 36 F. Supp. 2d 216 (D.N.J. 1999) (awarding over $57,000 in fees in an FDCPA case).

This circuit has also rejected a "proportionality" argument in determining attorney's fees in fee shifting cases.  In Kassim v. City of Schenectedy, 415 F.3d 246, 252 (2005), the Second Circuit explained its' rejection of this approach as follows:

> One sentence in the court's opinion seems to suggest that the court considered the fee application disproportionate to the financial value of this case. In reviewing plaintiff's application for attorney's fees, the court stated, in apparent astonishment: "This results in a total legal fee application of $75,825 for a case in which plaintiff received a verdict of $2500." [FN2] If the district court reduced the fee based on the perceived disproportionality of such a large fee in a matter involving only $2500, this was error for at least two reasons. First, in litigating a matter, an attorney is in part reacting to forces beyond the attorney control, particularly the conduct of opposing counsel and of the court. If the attorney is compelled to defend against frivolous motions and to make motions to compel compliance with routine discovery demands, or to respond to unreasonable demands of the court for briefing or for wasteful, time-consuming court appearances, the hours required to litigate even a simple matter can expand enormously. It is therefore difficult to generalize about the appropriate size of the fee in relation to the amount in controversy. Second, § 1988 was enacted in part to secure legal representation for plaintiffs whose constitutional injury was too small, in terms of expected monetary recovery, to create an incentive for attorney to take the case under conventional fee arrangements. See City of Riverside v. Rivera, 477 U.S. 561, 576-78, 106 S.Ct. 2686, 91 L.Ed.2d 466 (1986) (plurality opinion); id. at 586, 106 S.Ct. 2686 (Powell, J., concurring in judgment).

Lodestar Figure

There is a strong presumption that the lodestar figure (reasonable hours times reasonable rate) represents a reasonable fee. Blanchard v. Bergeron, 103 L.Ed. 2d 67, 76 (1989), quoting Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S.

3

546, 656 (1986).  Currently prevailing marketplace rates establish the lodestar amount. Missouri v. Jenkins by Agyei, 491 U.S. 274, 283  (1989); Blum v. Stenson, 465 U.S. 886, 895 (1983);   DiFilippo v. Morizio, 759 F.2d 231, 235 (2d  Cir. 1985) (rejecting 46 hours on pretrial memo and 42 hours on fee application);  Cohen v. West Haven Bd. of Police Com'rs, 638 F.2d 496, 506 (2d Cir. 1980).

     While the Court has discretion to determine the proper fee amount, "[T]he latitude of its discretion is narrowed by a presumption that successful civil rights litigants should recover reasonable attorney's fees unless special circumstances render such an award unjust. . . . Furthermore, where, as here, the party achieves success on the merits, an award of all reasonable hours at a reasonable hourly rate, i.e., the lodestar figure, is presumptively appropriate." DiFilippo, 759 F.2d at 234.  "[A] party advocating the reduction of the lodestar amount bears the burden of establishing that a reduction is justified." United States Football League v. National Football League, 887 F.2d 408, 413 (2d Cir. 1989), cert. denied, 493 U.S. 1071 (1990) (awarding $5,500,000 in fees on $3 recovery), cited in Grant v. Martinez, 973 F.2d  96, 101 (2d Cir. 1992). See Laura B. Bartell, Taxation of Costs and  Awards of Expenses in Federal Court, 101  F.R.D.  553, 560-62 (1984).

     Plaintiff submits that fee standards in the civil rights cases cited herein are applicable here, because an important public policy was vindicated. See Burlington v. Dague, 505 U.S. 557, 562 (1992); Flight Attendants v. Zipes, 491 U.S. 754, 758n.2 (1989); Delaware Valley, 478  U.S.  at 559-60; Zagorski, supra; Tolentino, 46 F.3d at 652; Hollis v.  Roberts, 984 F.2d 1159, 1161 (11th Cir. 1983) (FDCPA award $1,500; fees granted for 24.9 hours at $150/hr., prevailing rate in the community).

No Adjustment Should Be Made

The burden of proof is on the opponent to present specific evidence that a lower amount is appropriate. E.g., United States Football League v. National Football League, 887 F.2d 408, 413 (2d Cir. 1989); Gates v. Deukmejian, 987 F.2d 1392, 1397-98 (9th Cir. 1992) (fee opponent must submit evidence); Brinker v. Giuffrida, 798 F.2d 661, 668 (3d Cir. 1986) ("[T]here is ordinarily no reason for a court to disregard uncontested affidavits of a fee applicant").

Plaintiff suggests that, if anything, the facts of this case warrant an upward adjustment of the hourly rate given the paucity of FDCPA attorneys in Western New York. In determining what adjustment, if any should be made, a Court should review the factors identified in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-719, may be considered. Hensley, 461 U.S. at 434 n.9 ("[M]any of those factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate"); U.S. Football League, 887 F. 2d at 415.

1. The time and labor required (see affirmation). Plaintiff submits that the time expended in the prosecution of this action is reasonable.

2. The novelty and difficulty of the question. There was nothing particularly novel or difficult about this case. However, the lodestar amount may not be reduced for this reason. Kassim v. City of Schenectedy, 415 F.3d 246, 252 (2005); DiFilippo, 759 F.2d at 235.

3. The skill requisite to perform the legal services properly. See Plaintiff's affirmation detailing his expertise in FDCPA litigation and related areas of practice.

4. The preclusion of other employment. The time spent on this case was not, and could not be, spent at the same time on other cases. Plaintiff's counsel knows of no other attorney in the Buffalo, New York area who is interested in, or regularly litigates plaintiffs' Consumer Credit Protection Act cases (See affirmation). The lack of counsel willing to accept these cases in Western New York might be interpreted as an open invitation of debt collectors to violate the FDCPA without consequence. Conversely, if an attorney does accept an FDCPA case and subsequently has his fee reduced by Court below the market rate, the low number of attorneys who are willing to handle these cases on behalf of consumers could be reduced even further.

5. The customary fee is what the plaintiff's counsel requests.

6. Whether the fee is fixed or contingent. In a Consumer Credit Protection Act case, the fee is always contingent-- not on the amount of damages, but on award by the court or agreement of opponent. In a private attorney general case, Congress encourages counsel to bring suit, recognizing that counsel cannot charge the client an hourly fee, because the fee may be out of proportion to the recovery.

If contingent, the fee award should compensate counsel for the risk of receiving no compensation, <u>Blum</u>, 465 U.S. at 903, and to permit counsel "to earn an income that would be competitive with colleagues who get paid win or lose." <u>Bayless v. Irv Leopold Imports, Inc</u>., 659 F. Supp. 942 (D. Ore. 1987) (odometer case). In this case, a percentage of Plaintiff's recovery would be well less than $1,000.00. It is submitted that this sum would not adequately compensate counsel.

7. Time limitations imposed by the client or the circumstances (none except

reasonableness).

    8.   The amount involved and the results obtained.  "[C]ourts generally will not look to the size of the damage award in determining a reasonable attorney's fee in consumer cases."  Smith v. Chapman, 436 F. Supp. 58, 66 (W.D. Tex. 1977).  The results in this case are $1,000.00 in statutory damages for the plaintiff. Because the statute itself limits damages, the amount of damages awarded does not justify a reduction in the lodestar amount. Cowan v. Prudential Ins. Co., 935 F.2d 522, 527 (2d Cir. 1991).

    The Second Circuit rejects the "proportionality" argument as the basis for a fee award. E.g., Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994); DiFilippo v. Morizio, 759 F.2d 231, 234 (2d Cir. 1985); McCann v. Coughlin, 698 F.2d 112, 129 (2d Cir. 1983).  Indeed, fee awards in civil rights and consumer protection matters regularly exceed the plaintiff's recovery. E.g., City of Riverside, 477 U.S. at 580 (awarding $245,450 fees on a $33,350 recovery, including 143 hours for trial preparation); Grant v. Martinez, 973 F.2d 96, 101 (2d Cir. 1992) (fee award of $500,000 on $60,000 settlement); United States Football League v. National Football League, 887 F.2d 408, 413-15 (2d Cir. 1989) ($5.5 million fee award on $3.00 recovery); Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1057-60 (2d Cir. 1989) ($415,000 fee for recovering $2,689.02 monthly pension). Norton v. Wilshire Credit Corp., 36 F. Supp. 2d 216, 220 (D.N.J. 1999) (rejecting proportionality in awarding $58,000 in fees in an FDCPA case).

    In a Consumer Credit Protection Act case such as this one, the award is often limited by statute. "There is little reason to look to the limited award of statutory damages to determine the reasonableness of attorneys' fees which are generated by the unlimited costs

of litigation." Postow v. Oriental Bldg Ass'n, 455 F. Supp. 781, 791 (D.D.C. 1978). See also Bittner v. Tri-County Toyota, 569 N.E.2d 464. 466 (Ohio S.Ct. 1991) (the remedial/consumer protection purpose of the statute is undermined if relatively small dollar amount cases cannot fully compensate the attorneys who take them on).

9. The experience, reputation and ability of the attorney. (see affirmation).

10. The undesirability of the case. Your deponent's affirmation provides compelling evidence that the bar in Buffalo, New York area does not appear to view FDCPA cases as a profitable endeavor. The legislative goal of employing private attorneys to act as "private attorneys general" is simply not happening in this district. These facts warrant the granting of generous attorney fee awards in cases in this district to send a message to the bar that such services rendered in such suits will not go uncompensated, and a message to debt collectors that the Courts of this district will not tolerate violations of the FDCPA.

11. The nature and length of the professional relationship with the client. There are no relevant considerations under this factor.

12. Awards in similar cases. See discussion herein.

Purpose of fee award.

Attorneys fees are central to the enforcement of the Consumer Credit Protection Act (of which the FDCPA is a part) by private attorneys general. "The value of an attorney's services is not only measured by the amount of the recovery to the plaintiff, but also the non-monetary benefit accruing to others, in this case the public at large from this successful vindication of a national policy to protect consumers from fraud in the used car business." Fleet Inv. Co. v. Rogers, 620 F.2d 792, 794 (10th Cir. 1980) (odometer law case).

8

Such fees are particularly important in consumer cases, under the principles discussed by the Supreme Court in Rivera, supra, a civil rights case. Consumer Credit Protection Act cases also support this proposition. See, e.g., Ratner v. Chemical Bank, 54 F.R.D. 412 (S.D.N.Y. 1972) ($20,000 fees, $100 damages). "[C]ourts generally will not look to the size of the damage award in determining a reasonable attorney's fee in consumer cases." Smith v. Chapman, 436 F. Supp. 58, 66 (W.D. Tex. 1977).

A defendant should not be encouraged to litigate in the expectation that the Court will reduce the plaintiff's fee request, even though the defendant's fees to its own attorney are not similarly scrutinized and reduced by the Court. Cf. Eddy v. Colonial Life Ins. Co., 59 F.3d 201, 207-08 (D.C. Cir. 1995) (a fee award deters noncompliance with the law and encourages settlement); Benavides v. Benavides, 11 Conn. App. 150 (1987) (same).

An inadequate award diminishes the inducement created by fee-shifting statutes, and undermines the goal of promoting private representation in FDCPA actions. In language which could appropriately be applied to FDCPA actions, the Second Circuit noted:

> A plaintiff who is successful in establishing certain practices as violative of his constitutional rights will deter officials from continuing this conduct, and thereby help assure that others are not subjected to similar constitutional deprivations. This deterrent effect of successful §1983 actions is wholly independent of the relief which the plaintiff seeks or is ultimately awarded, and therefore it is inappropriate to condition attorney's fee awards on the nature of the relief granted.

McCann v. Coughlin, 698 F.2d 112, 129 (2d Cir. 1983).

An award should be made at a rate which recognizes the vindication of public policy expressed in the FDCPA. "The award of attorney's fees, as a practical matter, is a critical and integral part of [the creation of a system of private attorneys general]." James v. Home

Constr. Co., 689 F.2d 1357, 1359 (11th Cir. 1982).

Settlement efforts.

It is unquestionably in the best interests of the Court and the parties to settle rather than litigate.  See Janneh v. GAF Corp., 887 F.2d 432 (2d Cir. 1989). "In a very real sense, all of the parties -- and the court as an institution -- win when litigation is settled amicably short of trial."  Mathewson Corp. v. Allied Marine Ind., Inc., 827 F.2d 850, 857 (1st Cir. 1987).

The $260 Hourly Rate is Reasonable

Counsel seeks fees at $260 per hour.  That award is consistent with the hourly rates of other attorneys who handle federal litigation on a contingent fee basis.  "Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law." Zagorski, supra, citing Tolentino, 46 F.3d at 653.

The caselaw of this district supports this request.  In Myree v. Local 41, Int'l Bhd. Of Elec. Workers, 847 F.Supp. 1059, 1065 (WDNY 1995), aff'd 29 F.3d 620 (2d Cir. 1994) the Court found a seasoned employment litigation attorney to be entitled to $150.00.  Subsequent cases have found that an hourly rate between $110.00 and $205.00 for a senior associate, and between $200.00 and $240.00 for a partner in a law firm to be reasonable. Alnutt v. Cleary, 27 F.Supp.2d 395, 399-401 (WDNY 1998); Greenway v. Buffalo Hilton Hotel, 951 F.Supp. 1039, 1070 (WDNY 1997), aff'd 143 F.3d 47 (2d Cir. 1998); Haungs v. Runyon; 2000 WL 1209381 (WDNY 2000); McPhatter v. Cribb, WL 743972 (WDNY 2000).

More recently, $250.00 per hour was found to be reasonable in a civil rights case in Wylucki v. Barbiero, 2001 WL 34013676 (W.D.N.Y. 2001), and $260.00 per hour was approved in Frank v. Eastman Kodak Co. 228 F.R.D. 174 (W.D.N.Y. 2005).

The higher hourly rate for a partner as opposed to an associate is presumably due the fact that a partner generally has more experience and responsibility than an associate. As such, it is submitted that Plaintiff's counsel, although not a "partner", should be compensated at the same hourly rate a partner in the above cited cases because his experience and responsibility for cases mirrors that of a partner. Using that analysis, the hourly rate requested is within the bounds approved by previous Courts in this district. It should be noted that most of the cases cited cases were some years ago. If one looks at the trend of hourly rates approved, there is a general upward trend presumably reflective of the effect of inflation. The two most recent cases approved fees of $250.00 and $260.00, respectively. As such, it is submitted that the current request of $260.00 is reasonable.

## CONCLUSION

Attorney's fees encourage defendants to comply with the FDCPA, as well as providing the consumer an incentive and the financial ability to bring FDCPA suits. Postow, 455 F. Supp. at 785, 786. Fees should be awarded as requested.

Plaintiff submits that the fee application is reasonable in time expended and amount requested. She respectfully submits that it should be awarded as requested.

Dated: December 23, 2005

                                            s/Kenneth R. Hiller_____
                                            Kenneth R. Hiller, Esq.
                                            Attorney for the Plaintiff
                                            2001 Niagara Falls Boulevard
                                            Amherst, NY 14228
                                            (716) 564-3288
                                            Email: khiller1@adelphia.net