UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JENNIFER A. MCCARTY,

                            Plaintiff,

    v.                                            **DECISION AND ORDER**
                                                        05-CV-505S

CAPITAL MANAGEMENT SERVICES, INC.,

                            Defendant.
_____

       1.       Plaintiff Jennifer A. McCarty commenced this action against Defendant Capital Management Services, Inc., on July 21, 2005, seeking redress for violations of the Fair Debt Collection Practices Act ("the FDCPA"), 15 U.S.C. § 1692 et seq. This Court entered judgment in favor of Plaintiff on December 16, 2005.

       2.       Currently before this Court is Plaintiff's Motion for Attorney's Fees, which was filed on December 27, 2005. For the following reasons, Plaintiff's motion is granted and the Clerk of the Court is directed to enter judgment in Plaintiff's favor in the amount of $3,960.

       3.       "A consumer who brings a successful FDCPA lawsuit can recover 'the costs of the action, together with a reasonable attorney's fee as determined by the court.'" Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1991) (quoting 15 U.S.C. § 1692k(a)(3)). It is undisputed that Plaintiff, as the successful party in this litigation, is entitled to an award of attorney's fees and costs. Defendant contests the reasonableness of the fees requested and the amount of time spent on the case.

       4.       Courts typically use the lodestar method to determine reasonable attorney's fees. The lodestar figure is calculated by "multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate for each attorney or paralegal involved." Kapoor v. Rosenthal, 269 F. Supp. 2d 408, 412 (S.D.N.Y. 2003) (citation

omitted). "The lodestar figure should be in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997) (citation and internal quotations omitted). "[T]here is . . . a strong presumption that the lodestar figure represents a reasonable fee." Goins v. JBC & Assocs., P.C., No. 3:03 CV 636, 2006 WL 540332, at *1 (D. Conn. Mar. 6, 2006) (quoting A.R. ex rel. R.V. v. New York City of Dep't of Educ., 407 F.3d 65, 79 (2d Cir. 2005)). Where the Court "augments or reduces the lodestar figure[,] it must state its reasons for doing so as specifically as possible." DiFilippo v. Morizio, 759 F.2d 231, 235 (2d Cir. 1985) (quotations and citations omitted).

5.    Plaintiff seeks a total judgment for fees and costs in the amount of $6,300.[1] This amount represents 20 hours of attorney time billed at the hourly rate of $260, 4.9 hours of attorney time billed at the rate of $130, 1.8 hours of paralegal time billed at $85 per hour, and $310 in costs. (Hiller Affirm., ¶ 25; Hiller Reply Affirm., ¶ 6.)

Defendant argues that the claimed expenditure of time and the proposed attorney and paralegal billing rates are excessive. Specifically, Defendant contends that Plaintiff's fee award should be based on 3.75 hours of attorney time at an hourly rate of $130 (Def's Memo., p 25.);[2] that $85 per hour for paralegal fees is excessive (Def's Memo., p. 21); and that any work done by Plaintiff after October 14, 2005, the date of the Offer of Judgment, should not be allowed. (Def's Mem., pp. 24-25.)

---

[1] Plaintiff requested $2,080 in attorney's fees on February 23, 2006, in addition to $3,757 in attorney's fees requested on December 27, 2005, which Plaintiff erroneously calculated as $5,817 in total requested fees. (Hiller Reply Affirm., ¶ 6.) By this Court's calculations, Plaintiff's total request for attorney's fees is actually $5,837, not $5,817.

[2] Defendant notes that 2.45 hours of attorney time were spent on duplicate work. If billed at half the rate Defendant suggests for non-duplicate work, this work should be billed at a rate of $65 per hour. By this Court's calculations, Defendant is essentially requesting that Plaintiff's attorney's fee request be reduced to $646.25 for 3.75 hours of work at $130 per hour and 2.45 hours of work at $65 per hour.

6. This Court has carefully reviewed Plaintiff's motion and Defendant's opposition. Initially, this Court finds that the time billed by Plaintiff's counsel should be reduced in the following manner. First, this Court will reduce counsel's claim of a total of 1.3 hours instructing his paralegal on filing procedures and other administrative tasks to a more reasonable .5 hours, resulting in a deduction of .8 hours.

Second, since the Complaint in this case is a form Complaint used in many FDCPA actions brought by counsel, this Court will reduce the claim of 1.5 hours for preparation of the Complaint to .5 hours, which results in a further reduction of 1 hour.

Third, Plaintiff's counsel claims to have spent .8 hours of attorney time reading and responding to e-mail. Plaintiff's counsel notes that he spent an equal amount of time on each of four e-mails, whether reading or responding. Having reviewed one of these e-mails, included by Defense counsel as "Defense Exhibit D," this Court finds that a modest reduction of .3 hours should be made to the hours attributed to reading and responding to e-mail, resulting in a total of .5 hours for this task.

Fourth, Plaintiff's counsel accounts for 1 hour of additional work that was not yet completed. (Hiller Affirm., ¶ 21). Attorney's fees should not be awarded for the possibility of future work. Furthermore, Plaintiff's counsel later includes an additional 8 hours of work in his Reply Affirmation. (Hiller Reply Affirm., ¶ 6). This results in a further deduction of 1 hour.

To the extent that Plaintiff's Reply Memorandum is duplicative of Plaintiff's Motion, the time spent in preparing it should be reduced from 8 to 6 hours. This results in a further deduction of 2 hours.

In all other respects, this Court finds Plaintiff's claim of attorney time to be reasonable. A total reduction of 4.6 hours shall be applied, resulting in a total expenditure

of 15.4 non-duplicate attorney hours.

7.      Plaintiff seeks reimbursement for 1.8 hours of paralegal time. Consistent with the above reductions in attorney time spent meeting with Plaintiff's paralegal, a reduction of .2 hours in paralegal time is also appropriate, resulting in a total expenditure of 1.6 paralegal hours.

8.      Turning to the claimed hourly billing rates, this Court finds that both the $260 attorney rate and $85 paralegal rate are excessive. In this Court's estimation, an attorney rate of $200 is a more reasonable rate for this market. Arguably, this rate is too generous because it is equal to the rates assessed in FDCPA cases involving experienced attorneys in New York City. See Dowling v. Kucker Kraus & Bruh, LLP, 99 CIV 11958, 2005 WL 1337442, at *8 (S.D.N.Y. June 6, 2005) (holding $200 to be a reasonable hourly rate in FDCPA cases for experienced attorneys in Manhattan); see also Kapoor, 269 F. Supp. 2d at 415 (collecting cases). It nonetheless represents a substantial reduction from the requested attorney rate and is commensurate with Plaintiff's counsel's extensive experience in FDCPA matters.[3]

Plaintiff requested a rate of $130 per hour for duplicate attorney services. This rate is half of what Plaintiff originally requested for non-duplicate attorney time. Accordingly, attorney time spent on duplicate matters should now be billed at $100 per hour. Furthermore, this Court finds that a paralegal rate of $50 is reasonable. See Bartosik v. Credit Bureau of Rochester, Inc., 05-CV-318, Docket Nos. 16 and 17 (W.D.N.Y. Mar. 31, 2006).

9.      Plaintiff's claim for $310 in costs, which represents the $250 filing fee and

---

[3] This Court further notes that $200 per hour has previously been found by this Court to be a reasonable rate for Plaintiff's counsel's services. See Zilgme v. NCB Management Service, Inc., 05-CV-749S, Docket No. 12 (W.D.N.Y. May 15, 2006); Bartosik v. Credit Bureau of Rochester, Inc., 05-CV-318, Docket Nos. 16 and 17 (W.D.N.Y. Mar. 31, 2006).

a $60 service fee, is reasonable.

10. Based on the foregoing, this Court finds that Plaintiff is entitled to recovery for 15.4 non-duplicate attorney hours billed at $200 per hour, 4.9 duplicate attorney hours billed at $100 per hour, 1.6 hours of paralegal time billed at $50 per hour, and $310 in costs. Consequently, the Clerk of the Court will be directed to enter judgment in Plaintiff's favor against Defendant in the amount of $3,960.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Attorney's Fees and Costs (Docket No. 15) is GRANTED.

FURTHER, that the Clerk of the Court is directed to enter judgment in Plaintiff's favor against Defendant in the amount of $3,960.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.


Dated: July 14, 2006
       Buffalo, New York

                                                       /s/William M. Skretny
                                                       WILLIAM M. SKRETNY
                                                   United States District Judge